IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------- :
:
: CASE NO. 1:05 CV 2294
THOMAS J. ALLEN    Plaintiff :
:
-vs- : **MEMORANDUM OF OPINION**
: **AND ORDER**
:
:
BENNY KELLY, et al.,    Defendants :
------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 28 September 2005, pro se plaintiff Thomas J. Allen filed the above-captioned action under 42 U.S.C. §§ 1983, 1985, and 1986 against Lorain Correctional Institution ("LORCI") Warden Benny Kelly, LORCI Corrections Officer Wade Davis, LORCI Corrections Sergeant Mr. Rios, LORCI Corrections Officer Mr. Furhman and "any 'John/Jane Doe' person/persons who would be liable in this action when their identity becomes known."  Mr. Allen alleges he was physically assaulted by Corrections Officer Davis, in the presence of other officers who failed to intervene to stop the attack. He seeks $ 1,000,000.00 in compensatory damages and unspecified punitive damages.

*Background*

Mr. Allen alleges that on 24 June 2004, he was called to the officer's desk in inmate housing unit 10-B of LORCI to discuss arts and crafts supplies.  He claims that at the conclusion of the conversation, Officer Davis used profanity and told him to return to his cell.  Shortly thereafter, Mr. Allen went to the Case Manager's Office to see that

his dog was secure before he reported to his work assignment. Mr. Allen participated in "the greyhound program" at the prison. (Compl. at 2.) Officer Davis intercepted Mr. Allen and warned him, again using profanity, not to go near the Case Manager's Office. Mr. Allen alleges he attempted to explain the purpose of his visit, but Officer Davis jumped out of his seat and demanded that Mr. Allen repeat his statement. Officer Davis then instructed Mr. Allen to enter a hallway at the door to the 10-B unit. Mr. Allen contends he saw no one in the hallway and was therefore reluctant to enter with Officer Davis. Mr. Allen alleges that Officer Davis then grabbed him by the throat and hit him in the face with a closed fist. Mr. Allen alleges that he fell backward as Officer Davis continued to punch him in the face. Mr. Allen landed face down on the concrete floor, where, he alleges, Officer Davis got onto Mr. Allen's back and began slamming his face and head onto the floor repeatedly. Officer Furhman arrived and placed him in handcuffs. Mr. Allen contends that Officers Rios and Furhman were at the officers' desk and witnessed the entire assault but did not assist him or stop the attack.

Immediately after the incident, Mr. Allen was taken to the medical department for treatment. He asked Lieutenant John Doe to take photographs of his injuries to preserve the evidence of his attack. The lieutenant refused to do so. Mr. Allen was treated for contusions and abrasions and released to the segregation unit. Almost one month after the incident, on 20 July 2004, Ohio State Police Officer Jane Doe spoke to Mr. Allen and told him she was doing an investigation. Mr. Allen claims that when he asked if charges would be filed against Officer Davis, she replied that due to the time that had lapsed and the lack of photographic evidence, the prosecutor would not be pursuing a conviction.

2

Officer Davis filed a conduct report against Mr. Allen for disrespecting an officer. Mr. Allen was initially found guilty of the rules violation, and was confined in the segregation unit for fifteen days.  Mr. Allen alleges he was in severe pain during this time and was denied additional medical care.  The finding that Mr. Allen was guilty of a rules violation was later reversed by the Warden on appeal.  A use of force disciplinary hearing was conducted against Officer Davis, which ultimately resulted in the termination of his employment.

*Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at

3

504-05.  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons.  Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance.  OHIO ADMIN. CODE § 5120-9-31(J)(1).  If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector.  OHIO ADMIN. CODE § 5120-9-31(J)(2).  If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector.  OHIO ADMIN. CODE § 5120-9-31(J)(3).  The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.  Grievances against the Warden must be filed directly to the Office of the Chief Inspector.  OHIO ADMIN. CODE § 5120-9-31(L).  The decision of the Chief Inspector or designee is final.  OHIO ADMIN. CODE § 5120-9-31(L).

It is evident that Mr. Allen has not exhausted his administrative remedies for each claim asserted against each defendant.  He attaches a copy of a Notification of Grievance form detailing his allegations against Officer Davis and a Disposition of Grievance finding that the grievance had merit and promising action would be taken against Officer Davis.  Based on this result, it is arguable that Mr. Allen exhausted his administrative remedies for his claims against Officer Davis.  Neither the Grievance nor the Disposition, however, mention the allegations against the other individuals named as defendants in this action.  A prisoner is required to file a grievance against the

4

person or persons he ultimately seeks to sue. Curry, 249 F.3d at 505; see Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). This puts the particular staff member on notice that a claim has been filed and further assures that the prison's administrative system has an opportunity to deal with the claims against prison personnel before those complaints reach federal court. Curry, 249 F.3d at 505. Mr. Allen also includes claims against the defendants under 42 U.S.C. § 1985, which require him to demonstrate that the defendants conspired together to deprive him of the equal protection of the laws based upon his race. Allegations of conspiracy must be specifically included in a grievance. The Grievance attached to Mr. Allen's complaint makes no mention of a conspiracy.

The United States Sixth Circuit Court of Appeals has adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint is dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Allen has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

*Conclusion*

5

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    /s/Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Dated: 20 January 2006